ESTADO LIBRE ASOCIADO DE PUERTO RICO
Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| EDUARDO M. JOGLAR CASTILLO<br><br>Parte Recurrida<br><br>v.<br><br>LUIZ A. PENNA; GERALD A. TORRES NOGUERAS; AWCI, LLC<br><br>Parte Peticionaria | KLAN202400730 | Apelación, acogida como *Certiorari* procedente de Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: K AC2013-0185<br><br>Sobre: Sentencia Declaratoria |
|---|---|---|

Panel integrado por su presidente, el Juez Figueroa Cabán, la Juez Grana Martínez y el Juez Rodríguez Flores.

Rodríguez Flores, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 12 de noviembre de 2024.

El 1 de agosto de 2024, el señor Gerald A. Torres (señor Torres), Luiz A. Penna (señor Penna) y AWCI, LLC (en conjunto, parte peticionaria) instaron el recurso de apelación de epígrafe.[1] Solicitan que revoquemos una *Resolución* emitida el 20 de mayo de 2024, y notificada el 23 de mayo de 2024, por el Tribunal de Primera Instancia (TPI), Sala Superior de San Juan.[2]

Mediante dicha determinación, el foro primario ordenó a la parte peticionaria a pagar solidariamente la cantidad de $120,773.40 ($63.10 diarios) por concepto de intereses post-sentencia generados, a partir de la *Sentencia* emitida y notificada el 19 de febrero de 2019,[3] sobre los intereses pre-sentencia y a razón de la tasa de interés aplicada al 6.25%; y a pagar solidariamente la cantidad de $52,525.80 ($27.40 diarios) en concepto de intereses

---

[1] Acogemos el recurso de apelación como un recurso de *certiorari* por ser lo procedente en derecho. Sin embargo, mantenemos inalterada su identificación alfanumérica por motivos de economía procesal.
[2] *Resolución*, Apéndice del recurso, págs. 468-470.
[3] *Sentencia, Íd.*, págs. 66-68.

post-sentencia sobre los honorarios de abogado generados desde la misma *Sentencia* del 19 de febrero de 2019. Advirtió además que tanto esta sentencia como los honorarios de abogado continuarían generando intereses hasta el pago completo y total de las cantidades antes mencionadas.[4]

Por su parte, el señor Eduardo M. Joglar Castillo (señor Joglar Castillo) presentó la *Oposición a la Expedición de Auto de Certiorari* el 19 de agosto de 2024.

Examinado el recurso instado, el cual acogemos como un *certiorari*[5], luego de evaluados los escritos a la luz del derecho aplicable, y por los fundamentos que expondremos a continuación, se expide el auto de *certiorari* y modificamos la *Resolución* recurrida a los únicos efectos de cambiar las fechas a partir de las cuales se deben calcular los intereses post-sentencia sobre los intereses pre-sentencia y sobre los honorarios de abogado, respectivamente. Así modificada, se confirma.

En consecuencia, se devuelve el caso al foro primario para calcular los intereses post-sentencia sobre los intereses pre-sentencia a partir del 16 de agosto de 2022 con una tasa de interés de 5.00%; y los intereses post-sentencia sobre los honorarios de abogado desde el 26 de septiembre de 2023 con una tasa de interés de 9.25%.

**I.**

El 14 de marzo de 2013, el señor Joglar Castillo radicó una *Demanda* sobre sentencia declaratoria en contra de la parte peticionaria.[6] En lo pertinente, alegó que, el 11 de marzo de 2013 le informó al señor Torres y al señor Penna su decisión de renunciar a la sociedad existente entre ellos y solicitó la disolución y liquidación

---

[4] *Resolución, Íd.*, pág. 470.
[5] A pesar del recurso ser acogido como *certiorari*, conserva la identificación alfanumérica original asignada por la Secretaría del Tribunal de Apelaciones.
[6] *Demanda, Íd.*, págs. 1-23.

de ACWI, LLC. Sostuvo que no podía obligársele a continuar en la sociedad, ni confiscársele el interés económico en la entidad. Por ende, solicitó del foro primario la liquidación y el pago de su participación, al igual que el pago de costas, gastos, intereses y honorarios de abogado.

Por su parte, el 21 de junio de 2013, el señor Torres y el señor Penna presentaron sus respectivas contestaciones a la demanda y reconvenciones.[7] Posteriormente, el foro primario permitió que AWCI, LLC presentara una reconvención.[8] Sin embargo, mediante *Sentencia Parcial* emitida el 7 de noviembre de 2018, el TPI desestimó todas las reconvenciones.[9]

El 13 de febrero de 2019, el TPI emitió una *Resolución*, notificada y archivada el 19 de febrero de 2019, por la que declaró Ha Lugar la solicitud de desembolso de $994,506.02 a favor del señor Joglar Castillo, correspondiente a su participación;[10] a saber, 33.34% de la proporción de los activos de AWCI, LLC.[11] El TPI también determinó que no procedían los intereses pre-sentencia.

Posteriormente, el 19 de febrero de 2019, el TPI dictó *Sentencia* donde ordenó el archivo del caso de epígrafe por no existir trámite ulterior pendiente y por entender que ya había dispuesto sobre la totalidad de las controversias.[12] De este dictamen, el 20 de marzo de 2019, el señor Joglar Castillo recurrió en apelación ante nos.[13]

El 18 de diciembre de 2020, otro Panel de este Tribunal revocó al foro *a quo* en el KLAN201900298. Específicamente, reconoció que la parte peticionaria incurrió en temeridad, y, por ende, determinó

---

[7] *Contestación a Demanda, Íd.*, págs. 24-30; *Contestación a Demanda, Íd.*, págs. 31-37.
[8] *Sentencia, Íd.*, pág. 72 (se toma conocimiento judicial de este hecho).
[9] *Sentencia Parcial*, Apéndice de la oposición del recurso, págs. 1-6.
[10] *Resolución*, Apéndice del recurso, págs. 63-65.
[11] *Sentencia, Íd.*, pág. 206.
[12] *Sentencia, Íd.*, págs. 66-68.
[13] KLAN201900298.

que el señor Joglar Castillo tenía derecho a recibir el pago de intereses pre-sentencia y los honorarios de abogado, a partir de la renuncia a la entidad el 11 de marzo de 2013.[14]

Devuelto el caso al foro *a quo*, el 16 de agosto de 2022, el TPI ordenó a la parte peticionaria a satisfacer solidariamente $368,512.18 en concepto de intereses pre-sentencia y $160,000.00 por concepto de honorarios de abogado para un total de $528,512.18.[15] Ante este segundo dictamen, el 26 de agosto de 2022, la parte peticionaria acudió ante este foro apelativo vía recurso de *certiorari*.[16]

El 31 de octubre de 2022, en el caso KLCE202200941, sostuvimos que el TPI no erró al computar los intereses pre-sentencia hasta el 13 de febrero de 2019, fecha en que dicho foro ordenó el desembolso de $994,506.02 consignados en el tribunal.[17] Específicamente, expresamos lo siguiente sobre el cálculo de intereses pre-sentencia realizado por el foro primario:

> **El foro primario calculó los intereses presentencia, a partir del 11 de marzo de 2013, según lo dispuso por [sic] el Tribunal de Apelaciones y hasta el 13 de febrero de 2019, cuando se ordenó el desembolso de $994,506.02 al recurrido. El TPI rechazó interpretar literalmente la Regla 44.3(b) de Procedimiento Civil, 32 LPRA Ap. V, en la que el legislador dispuso que los intereses presentencia se computan hasta la fecha de dictada la sentencia. Aunque reconoció que el 13 de febrero de 2019 el tribunal dictó una resolución, concluyó que lo importante es que <u>dio a conocer la cuantía del principal a satisfacer.</u>** Por eso no le pareció importante si la decisión se tomó en una sentencia o en una resolución. Al TPI le quedó claro que el derecho del recurrido a recibir la liquidación se resolvió en la sentencia que el Tribunal de Apelaciones dictó el 30 de junio de 2015. No obstante, concluyó que la cuantía se determinó el 13 de febrero de 2019 y resolvió que la parte peticionaria debía pagar al recurrido $368,512.18 por concepto de intereses presentencia.[18]

---

[14] *Sentencia, Íd.*, págs. 69-87.
[15] *Resolución, Íd.*, págs. 139-149.
[16] KLCE202200941.
[17] *Sentencia, Íd.*, págs. 204-217.
[18] *Sentencia, Íd.*, págs. 209-210 (Énfasis y subrayado suplido).

Por otro lado, determinamos que el TPI abusó de su discreción al ordenar el pago de $160,000.00 en concepto de honorarios de abogado porque no siguió las directrices establecidas por nuestro Tribunal Supremo para calcular la cuantía de honorarios de abogado y no contó con la presentación de un memorando juramentado o alguna otra evidencia que justificara el pago de $160,000.00. Por ende, devolvimos el caso al TPI para que revisara dicha cuantía conforme a los parámetros establecidos en nuestro ordenamiento jurídico.

Luego de los correspondientes tramites, el 26 de septiembre de 2023, el TPI condenó a la parte peticionaria a pagar solidariamente $160,000.00 en concepto de honorarios de abogado, luego de llevar el análisis correspondiente para determinar dicha cuantía.[19] Posteriormente, este Panel confirmó la determinación mediante una *Sentencia* emitida el 22 de diciembre de 2023 en el caso KLCE202301203.[20]

Luego de varios trámites procesales, el señor Joglar Castillo radicó una *Urgente Solicitud de Orden sobre Intereses Pre y Post Sentencia* el 21 de marzo de 2024.[21] En síntesis, solicitó del foro primario que ordenara a la parte peticionaria a pagar la suma de $97,373.58 en concepto de principal de intereses pre-sentencia, $5,306.60 por intereses post-sentencia, y $16.90 *per diem,* hasta su total y completo pago. También suplicó del TPI que ordenara a la parte peticionaria a pagar solidariamente la suma principal de $50,249.00 en concepto de honorarios de abogado, $191.84 por intereses post-sentencia, y $8.72 *per diem,* hasta su total y completo pago.

---

[19] *Resolución, Íd.*, págs. 359-364.
[20] *Sentencia, Íd.*, págs. 395-412.
[21] *Urgente Solicitud de Orden sobre Intereses Pre y Post Sentencia, Íd.*, págs. 451-457.

Por su parte, el señor Penna radicó una *Oposición a Urgente Solicitud de Orden sobre Intereses Pre y Post Sentencia* el 13 de mayo de 2024.[22] Alegó que no existía controversia sobre el pago de intereses pre-sentencia, pues el 16 de mayo de 2023, el foro primario había ordenado el desembolso de la cantidad de $368,512.18 por los intereses pre-sentencia más los intereses devengados. Sostuvo además que, tampoco se adeudaban intereses post-sentencia sobre la partida de honorarios de abogado porque ya habían depositado la cantidad ordenada por el TPI el 28 de febrero de 2024; esto es, $160,000.00. En la alternativa, la parte peticionaria planteó que, de proceder la imposición de intereses post-sentencia sobre la cuantía de honorarios de abogado, procedía realizar el cómputo a partir del 26 de septiembre de 2023, cuando el foro primario condenó a la parte peticionaria a pagar solidariamente $160,000.00 en concepto de honorarios de abogado.

Mediante *Resolución* recurrida, emitida el 20 de mayo de 2024, y notificada y archivada el 23 de mayo de 2024, el TPI ordenó a la parte peticionaria a pagar solidariamente la cantidad de $120,773.40 ($63.10 diarios) por concepto de intereses post-sentencia generados a partir de la *Sentencia* emitida el 19 de febrero de 2019,[23] y a satisfacer solidariamente la cantidad de $52,525.80 ($27.40 diarios) en concepto de intereses post-sentencia por los honorarios de abogado. También advirtió que tanto dicha sentencia como los honorarios de abogado continuarían generando intereses hasta el pago completo y total de las cantidades antes mencionadas.

Subsiguientemente, la solicitud de reconsideración presentada por la parte peticionaria el 7 de junio de 2024 fue

---

[22] *Oposición a Urgente Solicitud de Orden sobre Intereses Pre y Post Sentencia, Íd.*, págs. 458-465.
[23] *Sentencia, Íd.*, págs. 66-68.

denegada mediante una *Orden* emitida el 21 de junio de 2024, y notificada el 2 de julio de 2024, por el foro primario.[24]

Inconforme con dicha determinación, la parte peticionaria acudió ante esta Curia el 1 de agosto de 2024 y señaló que el TPI cometió los siguientes errores:

> **ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL TOMAR COMO PUNTO DE PARTIDA UN[A] FECHA INCORRECTA PARA EL CÁLCULO DE INTERESES PRE-SENTENCIA LO QUE TUVO COMO CONSECUENCIA QUE LOS INTERESES IMPUESTOS ESTÉN MATEMÁTICAMENTE ERRÓNEOS.**
>
> **ERRÓ EL TPI AL IMPONER UNA PARTIDA DE INTERESES SOBRE INTERESES, PROCEDER EXPRESAMENTE VEDADO EN NUESTRO SISTEMA LEGAL.**

Con relación al primer señalamiento de error, la parte peticionaria alegó que el TPI erró al calcular la cantidad de intereses post-sentencia impuestos sobre los intereses pre-sentencia, a partir del 19 de febrero de 2024, y a una tasa de interés de 6.25%. Sostuvo que, dicho cálculo debió de haberse realizado desde el 16 de agosto de 2022 porque fue en esa fecha que el TPI fijó por primera vez una cuantía exacta; a saber, $368,512.18 en concepto de intereses pre-sentencia.

En cuanto al segundo señalamiento, la parte peticionaria alegó que el TPI erró al imponer una partida de intereses post-sentencia sobre los honorarios de abogado. En la alternativa, arguyó que el cálculo para determinar dichos intereses debió de haberse realizado desde el 26 de septiembre de 2023 y no a partir del 19 de febrero de 2019.

Por su parte, el 19 de agosto de 2024, el señor Joglar Castillo radicó una *Oposición a la Expedición de Auto de Certiorari* donde indicó que debíamos confirmar la *Resolución* recurrida.

---

[24] *Moción Solicitando Reconsideración de Resolución de 20 de mayo de 2024, Íd.*, págs. 471-512; *Orden, Íd.*, pág. 513.

**II.**

**A.**

El auto de *certiorari* es el vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones interlocutorias realizadas por un foro inferior. La expedición del auto descansa en la sana discreción del tribunal.[25]

En los casos civiles, la Regla 52.1 de Procedimiento Civil,[26] delimita las instancias en las que procede que este Tribunal de Apelaciones expida el recurso de *certiorari*.[27] La citada regla establece que el recurso sólo se expide cuando se recurre de una orden o resolución bajo remedios provisionales de la Regla 56 de Procedimiento Civil,[28] *injunctions* de la Regla 57 de Procedimiento Civil,[29] o de la denegatoria de una moción de carácter dispositivo. Por excepción, y en el ejercicio discrecional del foro apelativo, se puede expedir el recurso cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, casos de relaciones de familia, casos revestidos de interés público o cualquier otra situación, en la que esperar por una apelación constituiría un fracaso irremediable de la justicia.[30] Según lo dispuesto en la Regla 52.1 de Procedimiento Civil, al denegar la expedición de un recurso de *certiorari*, el Tribunal de Apelaciones no tiene que fundamentar su decisión.[31]

Además de la antedicha regla, la Regla 40 del Reglamento del Tribunal de Apelaciones instituye los criterios que debemos tomar

---

[25] *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG*, 205 DPR 163, 174-175 (2020).
[26] Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1.
[27] *Caribbean Orthopedics v. Medshape, et al.*, supra, pág. 1004; *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486-487 (2019).
[28] Regla 56 de Procedimiento Civil, supra, R. 56.
[29] Regla 57 de Procedimiento Civil, *Íd.*, R. 57.
[30] Regla 52.1 de Procedimiento Civil, *Íd.*; véase, además, *Scotiabank v. ZAF Corp. et al.*, supra, pág. 487.
[31] Regla 52.1 de Procedimiento Civil, supra.

en consideración al atender una solicitud de expedición de un auto de *certiorari*; estos son:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[32]

Ello impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia,[33] de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro. Por tanto, de no estar presente ninguno de los criterios esbozados, procede abstenernos de expedir el auto solicitado.

Asimismo, nuestro Tribunal Supremo de Puerto Rico ha establecido que "la discreción que cobija al Tribunal de Primera Instancia en sus determinaciones discrecionales es amplia, por lo que sus decisiones merecen gran deferencia".[34] Por ende, este tribunal no interviene "con determinaciones emitidas por el foro primario y sustitu[ye] el criterio utilizado por éste en el ejercicio de su discreción, salvo que se pruebe que actuó con prejuicio o

---

[32] Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40.
[33] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008).
[34] *Citibank et al. v. ACBI et al.*, 200 DPR 724, 735-736 (2018).

parcialidad o incurrió en craso abuso de discreción o en error manifiesto".[35]

**B.**

Por otro lado, el Artículo 1076 del *"Código Civil de Puerto Rico" de 2020* dispone que "[l]os intereses vencidos y no pagados al capital devengan el interés legal desde que se reclaman judicialmente, aunque la obligación haya guardado silencio sobre este punto".[36] Este tipo de interés se llama anatocismo o aquella acumulación de "intereses vencidos y no pagados al capital, de manera que produ[cen] nuevos intereses".[37]

En esa misma línea, la Regla 44.3 de Procedimiento Civil dispone dos (2) tipos de intereses; a saber, los intereses pre-sentencia y los intereses post-sentencia.[38]

Los intereses post-sentencia se imponen a favor de la parte victoriosa en las sentencias sobre pago de dinero.[39] De este modo, dicha imposición es mandatoria para toda parte perdidosa sin distinción alguna.[40] Este tipo de interés se computa utilizando el interés al tipo que fije por reglamento la Junta Financiera de la Oficina del Comisionado de Instituciones Financieras, que esté en vigor al momento de dictarse la sentencia, y "sobre la cuantía de la sentencia que ordena el pago desde la fecha en que se dictó y hasta que ésta sea satisfecha, incluso las costas y los honorarios de abogado".[41]

Por otro lado, el interés pre-sentencia o por temeridad se impone cuando una parte actúa temerariamente y se trate de un

---

[35] *Íd.*, pág. 736 (Énfasis en el original eliminado); véase, además, *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012).

[36] Artículo 1076 del Código Civil de 2020, 31 LPRA sec. 9011.

[37] J. Puig Brutau, *Fundamentos de Derecho Civil*, 4ª ed., Barcelona, Bosch, 1988, T. I, Vol. II, pág. 350.

[38] Regla 44.3 de Procedimiento Civil, supra, R. 44.3; *Malavé v. Oriental*, 167 DPR 594, 608 (2006).

[39] *Malavé v. Oriental*, supra, pág. 608.

[40] *Íd.*; *Gutiérrez v. A.A.A.,* 167 DPR 130, 137 (2006).

[41] Regla 44.3 (a) de Procedimiento Civil, supra, R. 44.3 (a).

caso sobre cobro de dinero o daños y perjuicios.[42] Si se cumplen estos requisitos, la imposición de intereses legales es obligatoria.[43] De igual modo, se utiliza el interés fijado por la Junta Financiera, que esté vigente al momento de dictarse la sentencia, y "desde que sur[ja] la causa de acción en todo caso de cobro de dinero y desde la presentación de la demanda, en caso de daños y perjuicios, y hasta la fecha en que se dicte sentencia a computarse sobre la cuantía de la sentencia".[44] Este interés debe constar en la sentencia.[45]

## C.

Respecto a la temeridad, nuestro Tribunal Supremo ha resuelto que son aquellas "actuaciones en que un litigante promueve un pleito que pudo evitarse, que provoquen la prolongación indebida del trámite judicial o que obliguen a la otra parte a incurrir en gastos innecesarios para hacer valer sus derechos".[46] Es por esto que la determinación de temeridad descansa en la sana discreción del TPI,[47] y los tribunales apelativos deben intervenir solo cuando surja claramente abuso de discreción.[48]

Según dispone la Regla 44.1 (d) de Procedimiento Civil,[49] los honorarios de abogado se imponen cuando cualquier parte o su abogado o abogada haya procedido con temeridad o frivolidad. Además, la suma debe ser correspondiente a dicha conducta.

En fin, las penalidades de los honorarios de abogado e intereses pre-sentencia que se imponen por conducta temeraria tienen como propósito disuadir la litigación frívola y fomentar las transacciones mediante sanciones que compensen a la parte

---

[42] Regla 44.3 (b) de Procedimiento Civil, *Íd.*, R. 44.3 (b); *Gutiérrez v. A.A.A.,* supra, pág. 136.

[43] *SLG González Figueroa v. SLG et al.*, 209 DPR 138, 151 (2022).

[44] Regla 44.3 (b) de Procedimiento Civil, supra.

[45] *Íd.*

[46] *Sucn. Mena Pamias v. Meléndez et al.*, 212 DPR 758, 780 (2023); *SLG González Figueroa v. SLG et al.*, supra, pág. 148.

[47] *Sucn Mena Pamias v. Meléndez et al.*, supra, pág. 780.

[48] *Íd.*; *VS PR, LLC v. Drift-Wind, Inc.*, 207 DPR 253, 273 (2021).

[49] Regla 44.1 (d) de Procedimiento Civil, supra, R. 44.1 (d).

victoriosa los perjuicios económicos y las molestias producto de la temeridad de la otra parte.[50] También se ha indicado que el propósito de dicha imposición de honorarios por temeridad es penalizar a la parte que, por su terquedad, obstinación, contumacia e insistencia en una actitud desprovista de fundamentos, obliga a la otra parte, innecesariamente, a asumir las molestias, gastos, trabajo e inconvenientes de un pleito.[51]

**III.**

En el presente caso, la parte peticionaria solicita que revoquemos la *Resolución* recurrida, pues arguye que el TPI erró al utilizar fechas equivocadas para realizar el cálculo de los intereses post-sentencia sobre los intereses pre-sentencia y los honorarios de abogado, respectivamente.

Con relación al primer señalamiento de error, la parte peticionaria alegó que, el TPI erró al calcular la cantidad de intereses post-sentencia impuestos sobre los intereses pre-sentencia, a partir del 19 de febrero de 2024, y a una tasa de interés de 6.25%, porque, aunque en dicha fecha se desembolsó la suma de $994,506.02 por la participación del señor Joglar Castillo, en ese momento no se conocía la cantidad exacta a pagar. Sostuvo que, dicho cálculo debió de haberse realizado desde el 16 de agosto de 2022 porque fue en esa fecha que el TPI fijó por primera vez una cuantía exacta; a saber, $368,512.18 en concepto de intereses pre-sentencia. Tiene razón.

Según dispuesto anteriormente, los intereses post-sentencia se imponen a favor de la parte victoriosa en las sentencias sobre pago de dinero, y dicha imposición es mandatoria para toda parte perdidosa sin distinción alguna. Este tipo de interés se computa utilizando el interés al tipo que fije por reglamento la Junta

---

[50] *Marrero Rosado v. Marrero Rosado*, 178 DPR 476, 504-505 (2010); *Montañez v. U.P.R.*, 156 DPR 395, 425 (2002).
[51] *C.O.P.R. v. S.P.U.*, 181 DPR 299, 342 (2011); *Torres Vélez v. Soto Hernández*, 189 DPR 972, 993 (2013).

Financiera de la Oficina del Comisionado de Instituciones Financieras, que esté en vigor al momento de dictarse la sentencia, y "sobre la cuantía de la sentencia que ordena el pago desde la fecha en que se dictó y hasta que ésta sea satisfecha, incluso las costas y los honorarios de abogado".[52]

Del expediente del caso de epígrafe se desprende que, el 18 de diciembre de 2020, otro Panel de este Tribunal en el caso KLAN201900298 reconoció la temeridad de la parte peticionaria y, por ende, determinó que el señor Joglar Castillo tenía derecho a intereses pre-sentencia. **Dos años después**, el 16 de agosto de 2022, el TPI determinó por primera vez la cuantía exacta a pagar por los intereses pre-sentencia; a saber, $368,512.18.

Mediante la *Resolución* recurrida surge que el TPI calculó los intereses post-sentencia a partir del 19 de febrero de 2019 cuando emitió la *Sentencia* cerrando y archivando el caso de epígrafe. **Adviértase, no obstante que, los intereses post-sentencia se calculan sobre la cuantía de la sentencia que ordena el pago desde la fecha en que se dictó.** La *Sentencia* del 19 de febrero de 2019 no incluyó cuantía alguna e incluso no dispuso nada sobre los intereses pre-sentencia. Fue por medio de la *Resolución* notificada el 19 de febrero de 2019 por la que el foro primario denegó la imposición de intereses pre-sentencia- determinación que fue revocada en el caso KLAN201900298- pero no especificó cuantía alguna para pagar dichos intereses. En otras palabras, al TPI utilizar la fecha del 19 de febrero de 2019 para calcular los intereses post-sentencia sobre los intereses pre-sentencia, incidió. Lo anterior, pues dicho cálculo se debió de haber realizado a partir del 16 de agosto de 2022, cuando el foro *a quo* fijó por primera vez la suma de $368,512.18, y en base a la tasa de interés de 5.00% aplicable al

---

[52] Regla 44.3 (a) de Procedimiento Civil, supra.

periodo del 1 de julio de 2022 al 31 de diciembre de 2022, según la tabla de intereses aplicables a sentencias judiciales.[53]

Respecto al segundo señalamiento de error, la parte peticionaria alegó que el TPI erró al imponer una partida de intereses post-sentencia sobre los honorarios de abogado. En la alternativa, arguyó que el cálculo para determinar dichos intereses debió de haberse realizado desde el 26 de septiembre de 2023 y no desde el 19 de febrero de 2019. Lo anterior, pues, alegó la parte peticionaria que, según la *Sentencia* que emitimos el 31 de octubre de 2022 en el caso KLCE202200941, el foro *a quo* tenía que tener evidencia y realizar un análisis sobre la veracidad de los honorarios de abogado, y ello se llevó a cabo el 26 de septiembre de 2023. Ante ello, alegó que aplicaba una tasa de interés de 9.25%. Le asiste razón respecto al planteamiento en la alternativa. Veamos.

Como se expuso en la sección anterior, los honorarios de abogado se imponen cuando cualquier parte o su abogado o abogada haya procedido con temeridad o frivolidad, y la suma debe ser correspondiente a dicha conducta. Al igual que con el primer señalamiento de error, los intereses post-sentencia sobre los honorarios de abogado se calculan sobre la cuantía de la sentencia que ordena el pago desde la fecha en que se dictó.

Según se desprende del expediente del caso de epígrafe, mediante la *Sentencia* del 19 de febrero de 2019, el foro primario no impuso honorarios de abogado. Otro Panel en el caso KLAN201900298 reconoció temeridad el 18 de diciembre de 2020, y, posteriormente, el 16 de agosto de 2022, el TPI ordenó a la parte peticionaria a pagar de forma solidaria $160,000.00 por concepto de honorarios de abogado. Sin embargo, emitimos una *Sentencia* el 31

---

[53] Intereses Aplicables a Sentencias Judiciales, Oficina del Comisionado de Instituciones Financieras, pág. 2, en *Tabla Intereses Aplicables a Sentencias-1985 hasta diciembre 2024.pdf (pr.gov) (última visita, 2 de octubre de 2024).

de octubre de 2022 en el caso KLCE202200941 por la que devolvimos el caso al foro primario para que revisara dicha cuantía conforme a los parámetros establecidos en nuestro ordenamiento jurídico. No fue hasta el 26 de septiembre de 2023 que el foro primario llevó a cabo lo ordenado y condenó a la parte peticionaria a satisfacer solidariamente $160,000.00 en concepto de honorarios de abogado. Por lo tanto, el foro primario erró al computar los intereses post-sentencia sobre los honorarios de abogado a partir del 19 de febrero de 2019 y no desde el 23 de septiembre de 2023 con una tasa de interés de 9.25% aplicable al periodo del 1 de julio de 2023 al 31 de diciembre de 2023, conforme a la tabla de intereses aplicables a sentencias judiciales.[54]

A la luz de lo expuesto, concluimos que le asiste razón a la parte peticionaria. El foro primario debió de haber calculado los intereses post-sentencia sobre los intereses pre-sentencia desde el 16 de agosto de 2022 con una tasa de interés de 5.00%; y los intereses post-sentencia sobre los honorarios de abogado a partir del 26 de septiembre de 2023 con una tasa de interés de 9.25%.

**IV.**

En virtud de lo anterior, se expide el auto de *certiorari* y modificamos la *Resolución* recurrida a los únicos efectos de cambiar las fechas a partir de las cuales se deben computar los intereses post-sentencia sobre los intereses pre-sentencia y sobre los honorarios de abogado, respectivamente. Así modificada, se confirma. En consecuencia, se devuelve el caso al foro primario para calcular los intereses post-sentencia sobre los intereses pre-sentencia a partir del 16 de agosto de 2022 con una tasa de interés de 5.00%; y los intereses post-sentencia sobre los honorarios de

---

[54] *Íd.*

abogado desde el 26 de septiembre de 2023 con una tasa de interés de 9.25%.

**Notifíquese.**

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

abogado desde el 26 de septiembre de 2023 con una tasa de interés de 9.25%.

**Notifíquese.**

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.